**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SUKHINDER SINGH, AKA Sukhjinder Singh-Toor, | Nos. 11-73516, 12-70214 |
| Petitioner, | Agency No. A073-413-757 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted October 21, 2015[**]
San Francisco, California

Before: BLACK[***], CLIFTON and N.R. SMITH, Circuit Judges.

Sukhinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) orders denying his motions to reconsider

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

and to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

Singh was granted asylum in 1996. In 2002, the Immigration and Naturalization Service (INS) filed a motion to reopen Singh's proceedings, alleging fraud. A check of fingerprints when Singh pursued adjustment of status revealed that he was the respondent in two cases, one filed in Texas and the other filed in California. Singh did not let either Immigration Judge (IJ) know he had another ongoing asylum claim, and the claims presented in each case were inconsistent. Following the grant of asylum in one case, Singh fraudulently advised the IJ in the other case that he had emigrated to the Philippines, causing the INS to agree to termination without prejudice. Following an evidentiary hearing in 2004, Singh's grant of asylum was vacated for fraud, and Singh was ordered to be deported to India.

In 2011, Singh filed an untimely motion to reopen alleging he received ineffective assistance of counsel in his removal proceedings. The BIA denied Singh's motion to reopen. Singh then filed a motion to reconsider the denial of the motion to reopen, which the BIA also denied.

A motion to reopen proceedings must state the new facts that will be proven at a hearing and must be supported by affidavits or other evidence. 8 C.F.R.

§ 1003.2(c)(1). A motion to reconsider must identify an error of fact or law in the BIA's earlier decision and must be supported by authority. 8 C.F.R. § 1003.2(b)(1). We review for abuse of discretion the BIA's denial of a motion to reopen or to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

In order for the BIA to assess the merits of an alien's ineffective assistance of counsel claim, an alien must ordinarily meet the three requirements set forth in *Matter of Lozada*, 19 I.&N. Dec. 637 (BIA 1988). *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000). *Lozada* requires a petitioner seeking to reopen based on a claim of ineffective assistance of counsel to:

> 1) submit an affidavit explaining his agreement with former counsel regarding his legal representation, 2) present evidence that prior counsel has been informed of the allegations against her and given an opportunity to respond, [and] 3) either show that a complaint against prior counsel was filed with the proper disciplinary authorities or explain why no such complaint was filed.

*Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003). "[U]nder ordinary circumstances the BIA does not abuse its discretion when it denies a motion to . . . reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada*." *Castillo-Perez*, 212 F.3d at 525. Where the

-3-

facts are plain on the face of the administrative record, however, the requirements of *Lozada* are not dispositive. *Id.*

The BIA did not abuse its discretion in denying Singh's motions to reopen and to reconsider as he failed to substantially comply with the *Lozada* requirements. Further, Singh is not excused from substantially complying with *Lozada* as the relevant facts supporting his ineffective assistance of counsel claims are not plain from the record.

**PETITIONS FOR REVIEW DENIED.**